[No. A028711. First Dist., Div. One. Sept. 4, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
RICHARD WAYMOND KNOWLDEN, Defendant and Appellant.

COUNSEL

Dale Dombknowski, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, and Robert R. Granucci, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

ELKINGTON, J.—Defendant Knowlden, who had suffered two prior felony burglary convictions, at least one of which was first degree residential burglary, was found guilty by a jury of second degree burglary. His appeal is from the judgment which was entered on the jury's verdict, as enhanced by one of his prior felony convictions.

For reasons as follow, we affirm the judgment.

We consider the several appellate contentions as they are stated by Knowlden.

I. ██ *Contention:* "The trial court committed reversible error by denying appellant's motion to preclude the prosecution from impeaching appellant with his prior convictions."

On a so-called *Beagle (People v. Beagle* (1972), 6 Cal.3d 441 [99 Cal.Rptr. 313, 492 P.2d 1]) motion, the trial court ruled that were Knowlden to take the witness stand on his own behalf, he might be impeached by his two prior burglary convictions. He thereafter took the witness stand and was so impeached.

██ Although the point was not raised in the superior court, Knowlden now argues: "The prosecutor did not show that appellant's prior burglary convictions arose from theft related target offenses as opposed to violent or assaultive target offenses. Therefore, the prior burglary convictions are not relevant to appellant's credibility and are not admissible to impeach appellant."

█ It is a prime rule of appellate procedure that "ordinarily matters not presented to the trial court and hence not a proper part of the record on appeal will not be considered on appeal." *(People* v. *St. Martin* (1970) 1 Cal.3d 524, 537-538 [83 Cal.Rptr. 166, 463 P.2d 390].) We nevertheless consider the contention.

██ ██ We are here concerned with article I, section 28, of the state's Constitution, sometimes called "The Victims' Bill of Rights" and "Proposition 8" (hereafter Section 28). Section 28 was adopted June 8, 1982, and before commission of the offense of which Knowlden stands convicted.

█ Section 28 was recently interpreted by *People* v. *Castro* (1985) 38 Cal.3d 301 [211 Cal.Rptr. 719, 696 P.2d 111]. *Castro* explains (1) that admissibility of prior felony convictions for impeachment continues to be subject to the trial court's discretion under Evidence Code section 352 (see Section 28, subd. (d)), and (2) that such convictions must be *relevant* to the issue of the witness' credibility. And only crimes involving *"moral turpitude"* will be deemed relevant.

█ Knowlden points out that his prior burglary convictions *may* have resulted from his entry of buildings, with intent to commit "violent or assaultive target [felony] offenses," unrelated to *"dishonesty"* or *"moral turpitude."* He argues: "The prosecutor did not show that appellant's prior burglary convictions arose from theft related target offenses as opposed to violent or assaultive target offenses. Therefore, the prior burglary convictions are not relevant to appellant's credibility and are not admissible to impeach appellant."

We are unpersuaded.

*Castro* teaches that Section 28, subdivision (f) authorizes the use of any felony conviction which necessarily involves *moral turpitude,* even if the immoral trait is one other than dishonesty.

The rationale of *Castro* on this issue was stated as follows.

"It is . . . appropriate that we remind ourselves of the precise progression of inferences which may lead a trier of fact to conclude that proof of a felony conviction may affect the credibility of a witness. The classic statement of the rationale for felony impeachment is that of Justice Holmes, written when he was still a member of the Supreme Judicial Council of Massachusetts: '[W]hen it is proved that a witness has been convicted of crime, the only ground for disbelieving him which such proof affords is the *general readiness to do evil* which the conviction may be supposed to show.

It is from that general disposition alone that the jury is asked to infer a readiness to lie in a particular case, and thence that he has lied in fact. The evidence has no tendency to prove that he was mistaken, but only that he has perjured himself, and it reaches that conclusion solely through the general proposition that he is of *bad character* and unworthy of credit.' . . . [¶] It follows, therefore [*Castro* said], that if the felony of which the witness has been convicted does not show a 'readiness to do evil,' the fact of conviction simply will not support an inference of readiness to lie. . . . [¶] Nevertheless, it is undeniable that a witness' *moral depravity* [our italics] of any kind has some 'tendency in reason' . . . to shake one's confidence in his honesty. . . . [¶] There is then some basis—however tenuous—for inferring that a person who has committed a crime which involves moral turpitude other than dishonesty is more likely to be dishonest than a witness about whom no such thing is known. Certainly the inference is not so irrational that it is beyond the power of the People to decree that in a proper case the jury must be permitted to draw it, if it wishes, and the 'no limitation' language of subdivision (f) makes it abundantly clear that the People so decreed." (38 Cal.3d, pp. 314-315.)

We are of the opinion that one who enters a residence or building with intent therein to commit a felony demonstrates a *"bad character,"* a *"moral depravity"* and a *"general readiness to do evil."* Knowlden's prior convictions thus involved crimes of *moral turpitude,* admissible under Section 28.

█ We are brought to the question, whether the trial court properly exercised its Evidence Code section 352 discretion upon Knowlden's *Beagle* motion.

It is observed that upon Knowlden's motion, the trial court stated: "She [the prosecutor] has a right to use it under Prop 8." The statement reasonably expresses a belief in a "right" to use the prior conviction, regardless of Evidence Code section 352. In this, the trial court erred.

But we observe that, in what must reasonably be termed a "hot pursuit" immediately after the charged burglary, Knowlden's automobile was intercepted by police officers who found therein the burglary's proceeds, and other evidence of the crime. The proof of guilt was exceedingly strong. We declare that after a review of the entire record we are of the opinion that it is not reasonably probable that a result more favorable to defendant would have occurred in the absence of error. (Cal. Const., art. VI, § 13; *People v. Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243]; and see *People v. Castro, supra,* 38 Cal.3d 301, 319.)

II. *Contention:* █ "The magistrate abused its discretion by refusing to reduce the offense to a misdemeanor."

A deputy sheriff on duty one morning about 2 a.m. heard the sound of a window smashing, and a burglar alarm, of a closed market. Going, or looking, in the direction of the sound, he observed two persons throwing something into an automobile and driving off. The officer radioed for assistance, and the suspect vehicle was soon intercepted. Knowlden was one of the automobile's occupants and inside it were found 17 cold cans of beer, and a tire iron with small fragments of glass upon it. Knowlden had a fresh cut on his hand. Back at the victimized market, its front door and window, and its beer cooler's glass door, were found smashed. And at least three 6-packs of beer were found missing. Moreover, and as noted, Knowlden had twice before been convicted of burglaries.

We perceive no abuse of the magistrate's discretion.

III. ██ *Contention:* "The trial court committed reversible error in failing to instruct the jury on the charged offense of receiving stolen property."

Although Knowlden had been charged alternatively with receiving stolen property, the charge had been impliedly abandoned by the prosecutor. No evidence, or argument, or theory as to that charge is to be found in the record.

Instructions need not be given which are unsupported by evidence, or any theory advanced by a party. (*People* v. *Saddler* (1979) 24 Cal.3d 671, 681 [156 Cal.Rptr. 871, 597 P.2d 130].) And, of course, where the evidence establishes that if a defendant is guilty of anything at all he is guilty of the greater offense, instructions on a lesser, or related, offense need not be given. (*People* v. *McCoy* (1944) 25 Cal.2d 177, 187 [153 P.2d 315].)

IV. ██ *Contention:* "The trial court abused its sentencing discretion by sentencing appellant to serve three years in state prison for stealing two six packs of beer."

In addition to Knowlden's two prior convictions of burglary, he had also been convicted of misdemeanor auto theft, and twice of petty theft. The instant offense was committed while he was on parole. We observe no abuse of discretion in his two-year midterm for burglary, as enhanced one year by a prior conviction. Nor are we persuaded that the instant charge was of a minor offense, as suggested. The gravamen of burglary is the *felonious* entry of a building with intent therein to steal or commit a felony. And here the trial court might reasonably have concluded that but for the happenstance of the burglar alarm, far more property would have been stolen from the victimized market.

The trial court had considered the matter of mitigating circumstances and found none. Nor is merit found in the argument that the use of Knowlden's *parole status at the time of the offense* for his midterm burglary sentence, and the use of a *prior conviction* for its enhancement, constituted a forbidden dual use of facts.

There was no abuse of judicial discretion in fixing the sentence for the burglary at the midterm of two years with the statutory enhancement.

The judgment is affirmed.

**RACANELLI, P. J.** Concurring.—Since I agree that the error is, in any event, harmless under the conventional *Watson* standard, I would not reach the unargued question of whether defendant's prior convictions met the threshold moral turpitude requirement based upon the "least adjudicated elements" of burglaries in general. (See *People* v. *Castro* (1985) 38 Cal.3d 301, 317 [211 Cal.Rptr. 719, 696 P.2d 111].) Thus, I concur in the result only.

**NEWSOM, J.** Concurring.—In my opinion a much clearer dichotomy could be drawn between more and less serious crimes by resorting to the objectively measurable common law categories of crimes *mala in se* and *mala prohibita*. But I am compelled by the decision in *People* v. *Castro* to say whether a particular crime involves moral turpitude, and since I believe moral turpitude inheres in *all* burglaries I agree that Knowlden's conviction should be affirmed.